# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| LETTEA COLQUHOUN, | ) | Case No.: 2:10-cv-0144-RLH-PAL |
| Plaintiff, | ) | |
| | ) | **O R D E R** |
| vs. | ) | |
| | ) | (Motion to Dismiss–#18; Countermotion to Amend–#20) |
| BHC MONTEVISTA HOSPITAL, INC.; DIANA TODD; RHOME SIMON; DOES I–X, inclusive; and ROE CORPORATIONS I–X, inclusive, | ) ) ) ) | |
| Defendants. | ) | |

Before the Court is Defendants BHC Montevista Hospital, Diana Todd, and Rhome Simon's **Motion to Dismiss** (#18), filed March 10, 2010. The Court has also considered Plaintiff Lettea Colquhoun's Opposition (#20), filed April 8, 2010, and Defendants' Reply (#23), filed April 8, 2010.

Also before the Court is Plaintiff's **Countermotion to Amend** (#20), filed March 29, 2010. The Court has also considered Defendants' Opposition (#24), filed April 8, 2010.

## BACKGROUND

Plaintiff Lettea Colquhoun, an African-American, is a former employee of Defendant Montevista Hospital, where she was worked "as an educator." (Dkt. #1, Compl. ¶ 10.) Plaintiff has filed suit against Montevista, Diana Todd, the human resources director at

1

AO 72
(Rev. 8/82)

1  Montevista, and Rhome Simon, a mental health technician and classroom assistant at the hospital.
2  According to Plaintiff, Defendants' unlawful actions led to her decision to resign from her
3  employment, even though she "performed all of her duties in a satisfactory manner." (*Id.*)
4        Plaintiff alleges she resigned from her job because Defendants discriminated
5  against her based on her race.  First, Plaintiff alleges Todd promised her that she would receive a
6  wage increase if she became licensed to teach in the State of Nevada.  After Plaintiff obtained her
7  teacher's license, however, Todd allegedly refused to raise her wages because she is African-
8  American.  Second, Plaintiff alleges that Simon wrongfully accused her of stealing electronic
9  equipment from the hospital and that she made "disparaging remarks about Plaintiff's African
10 American heritage." (Dkt. #1, Compl. ¶ 17.)  According to Plaintiff, as a result of this hostile
11 work environment, she had no choice but to resign from her employment with Montevista.
12       Plaintiff timely filed a discrimination claim with the Equal Employment
13 Opportunity Commission ("EEOC"), and on July 24, 2009, the EEOC mailed her a right-to-sue
14 letter.  On October 22, Plaintiff filed suit in Nevada state court against Defendants and alleged
15 claims for (1) unlawful discrimination under Title VII; (2) unlawful discrimination under NRS
16 613.330; (3) negligent infliction of emotional distress; (4) intentional infliction of emotional
17 distress; (5) negligent hiring; (6) negligent supervision; and (7) negligent training.  On February 1,
18 2010, Defendants removed the case to this Court based on federal question jurisdiction.
19 Defendants now move to dismiss Plaintiff's complaint.  Plaintiff has opposed this motion and filed
20 a countermotion for leave to amend.  For the reasons discussed below, the Court grants
21 Defendants' motion to dismiss in part and denies it in part, and denies Plaintiff's countermotion to
22 amend.

**DISCUSSION**

I. **Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short

2

and plain statement of the claim showing that the pleader is entitled to relief." While a pleading generally need not contain detailed allegations, it must allege sufficient facts "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not allege sufficient facts to raise a right to relief above the speculative level if it contains nothing more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Instead, in order to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Ashcroft v. Iqbal*, the Supreme Court provided a two-step approach for district courts to apply when considering motions to dismiss. First, the court must accept as true all factual allegations in the complaint. *Id.* at 1950. A court does not, however, assume the truth of legal conclusions merely because the plaintiff casts them in the form of factual allegations. *Id.* at 1950; *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Mere recitals of the elements of a cause of action, supported only by conclusory statements, also do not suffice. *Iqbal*, 129 S. Ct. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct." *Id.* at 1949. Thus, where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

/

/

/

**II.     Motion to Dismiss**

The Court considers Plaintiff's claims as follows:

**A.     Title VII and NRS 613.330**

Under Title VII, "it is unlawful for an employer to discriminate against any individual based upon the individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. Likewise, under Nevada's anti-discrimination statute it is "an unlawful employment practice for an employer to . . . discriminate against any person with respect to the person's compensation, terms, conditions or privileges of employment, because of . . . race, color, religion, sex, sexual orientation, age, disability, or national origin." NRS § 613.330(1)(a).

Although Plaintiff does not provide many details in her complaint, the Court finds she has sufficiently stated a claim under both Title VII and NRS 613.330. Plaintiff alleges that Todd denied her a promotion even though she obtained her teaching certificate and that Simon wrongfully accused her of stealing equipment from the hospital. Plaintiff alleges Defendants' actions were motivated by race and that Simon, in particular, made derogatory comments about African-Americans. Taking these allegations as true, the Court finds Plaintiff has stated a viable discrimination claim under both of these statutes.

Nonetheless, the Court dismisses these claims as to the individual Defendants, Diana Todd and Rhome Simon. It is well-established that Title VII only imposes liability on employers and that employees cannot be liable under this statute. *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587–88 (9th Cir. 1993). The same is true for Nevada's anti-discrimination statute, NRS 613.330. *Apececche v. White Pine County*, 615 P.2d 975, 976 (Nev. 1980). Thus, Plaintiff may bring these claims against Montevista, but they are not proper against the individual Defendants. The Court therefore dismisses these claims as to Todd and Simon.

**B.     Intentional and Negligent Infliction of Emotional Distress**

Plaintiff also alleges that Defendants are liable for intentional infliction of emotional distress. In order to state a claim for this tort in Nevada, a plaintiff must allege that (1)

the defendant engaged in extreme and outrageous conduct with the intention of causing emotional distress or with reckless disregard for the plaintiff's emotional distress; (2) the plaintiff suffered severe or extreme emotional distress as a result; and (3) the defendant's actions were the proximate cause of plaintiff's emotional distress. *Jordan v. State*, 110 P.3d 30, 52 (Nev. 2005). According to Plaintiff, by refusing her justified request for a pay increase, wrongfully accusing her of stealing equipment, and making racially derogatory comments towards her, Defendants acted with "wanton and/or willful disregard" for her rights and should therefore be liable for intentional infliction of emotional distress. (Dkt. #1, Compl. ¶ 27.)

The Court disagrees with Plaintiff and grants Montevista's motion to dismiss this claim because Plaintiff has not stated facts to indicate that Montevista or its employees intentionally acted in an extreme and outrageous manner. Although the Court certainly does not condone any form of racial discrimination, such discrimination—standing alone—is not sufficient to give rise to a tort claim based on extreme and outrageous conduct. Thus, even if Montevista and its employees denied Plaintiff proper pay and made derogatory racial comments toward her, this misconduct is properly addressed by federal and state anti-discrimination statues, not independent tort claims reserved for the must egregious behavior. *See Brooks v. Hilton Casinos, Inc.*, 959 F.2d 757, 766 (9th Cir. 1992) (holding that, as a general rule, allegations of discrimination in the workplace do not amount to claims for intentional infliction of emotional distress). Accordingly, the Court grants Montevista's motion to dismiss this claim.

In addition to alleging a claim for intentional infliction of emotional distress, Plaintiff brings a claim for negligent infliction of emotional distress. This claim fails because Plaintiff does not allege any facts in her complaint indicating that Defendants were negligent in any way. The only concrete factual assertions Plaintiff makes in her complaint indicates that Defendants acted intentionally, not negligently. Plaintiff alleges she suffered emotional distress because Defendants intentionally denied her a promotion and intentionally accused her of stealing equipment. These assertions, even if true, do not state a claim based on a theory of negligence.

AO 72
(Rev. 8/82)

Because Plaintiff alleges Defendants intentionally discriminated against her, her claim for negligent infliction of emotional distress is improper and is hereby dismissed.

### C. Negligent Hiring, Negligent Supervision, and Negligent Training

In order to maintain a claim for negligent hiring, supervision, or training in Nevada, a plaintiff must allege that his or her employer breached its duty to properly hire, train, or supervise its employees. *Burnett v. C.B.A. Sec. Serv., Inc.*, 820 P.2d 750 (Nev. 1991); *Jespersen v. Harrah's Operating Co.*, 280 F. Supp. 2d 1189, 1194–95 (D. Nev. 2002). Plaintiff admits she does not make any such allegation in her complaint against Montevista. Instead, she alleges that "the simple fact that Defendants Todd and Simon acted in a discriminatory manner toward [her] gives rise to a plausible claim for negligent hiring and training." (Dkt. #20, Opp'n 7.) This argument is entirely incorrect. Nevada law does not permit any such inference: in order to allege a claim for negligent hiring, supervision, or training, the plaintiff must allege facts specifically indicating how the employer violated this duty. *Burnett*, 820 P.2d 750. The fact that an employee acts wrongfully does not in and of itself give rise to a claim for negligent hiring, training, or supervision. *Id.* Accordingly, the Court grants Defendants' motion to dismiss these claims.

### III. Motion to Amend

In addition to opposing Defendants motion to dismiss, Plaintiff has filed a countermotion to amend her complaint. The Court denies Plaintiff's countermotion because she has not complied with Local Rule 15-1, which states that a party seeking leave to amend must "attach the proposed amended pleading to any motion to amend." Without a proposed amended complaint, the Court cannot determine whether Plaintiff's motion for leave to amend is proper. *See Gardner v. Martino*, 563 F.3d 981, 991 (9th Cir. 2009) (denying motion for leave when plaintiff failed to attach proposed amended complaint or indicate the basis for seeking amendment). Accordingly, the Court denies Plaintiff's countermotion to amend.

/

/

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#18) is GRANTED in part and DENIED in part as follows:

Defendants' Motion is GRANTED as to all claims except Plaintiff's claim under Title VII and NRS 613.330.

IT IS FURTHER ORDERED that Plaintiff's claims under Title VII and NRS 613.330 are DISMISSED as to Diana Todd and Rhome Simon.

IT IS FURTHERED ORDERED that Diana Todd and Rhome Simon are DISMISSED from this case.

IT IS FURTHER ORDERED that Plaintiff's Countermotion to Amend (#20) is DENIED.

Dated: June 9, 2010.

_____
ROGER L. HUNT
Chief United States District Judge